NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0452n.06

Nos. 19-6420/6421

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

<table>
<tr><td>KIMBERLY MICHELLE HAYDEN (19-6420);<br>MARCIA HALL (19-6421),<br><br>　　Plaintiffs-Appellants<br><br>　　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　Defendant-Appellee.</td><td>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)</td><td>FILED<br>Oct 05, 2021<br>DEBORAH S. HUNT, Clerk<br><br>ON APPEAL FROM THE<br>UNITED STATES DISTRICT<br>COURT FOR THE EASTERN<br>DISTRICT OF KENTUCKY</td></tr>
</table>

BEFORE:  SUTTON, Chief Judge; McKEAGUE and WHITE, Circuit Judges.

**HELENE N. WHITE, Circuit Judge.**  Plaintiffs-Appellants Kimberly Michelle Hayden and Marcia Hall appeal the district court's denial of attorney's fees under the Equal Access to Justice Act after this court concluded that the Social Security Administration's procedures for redetermining their disability benefits were unlawful.  Because we held in a previous case that the government's position regarding its redetermination process was substantially justified, we AFFIRM.

**I.**

Former attorney Eric Conn assisted thousands of clients, including Hayden and Hall, in obtaining Social Security disability benefits.  For several years, Conn paid doctors to produce false reports indicating that his clients were unable to work.  Conn also paid an administrative law judge (ALJ) to assign Conn's cases to himself and issue favorable rulings.

The Office of the Inspector General (OIG) in the Social Security Administration (SSA) investigated Conn's scheme and concluded it had reason to believe that Conn had submitted fraudulent disability-benefit applications for 1,787 individuals. Under the Social Security Act, Defendant-Appellee Commissioner of Social Security (the Commissioner) "shall immediately redetermine the entitlement of individuals to [Social Security disability benefits] if there is reason to believe that fraud or similar fault was involved in the application of the individual for such benefits." 42 U.S.C. § 405(u)(1)(A). The OIG notified the Commissioner that the SSA could redetermine benefits for individuals whose disability-benefit applications were submitted by Conn. The SSA informed those individuals that in redetermining benefits, it would not consider evidence submitted by physicians involved in the fraud. The cases were remanded to new ALJs, who concluded that, after excluding evidence submitted by the doctors, there was insufficient evidence to support the original disability determinations for many of the claimants, including Hayden and Hall.

Hayden and Hall sued the Commissioner, arguing that the SSA's process for redetermining their disability benefits was unlawful because it did not allow them to challenge the OIG's allegation of fraud. The district court stayed Hayden's and Hall's cases while plaintiffs in similar cases appealed their loss of disability benefits.

In *Hicks v. Commissioner of Social Security*, 909 F.3d 786 (6th Cir. 2018), we concluded that the SSA's redetermination procedures violated the plaintiffs' due-process rights because they did not provide the plaintiffs an opportunity to rebut the OIG's assertion of fraud. *Id.* at 804. We also concluded that the SSA's redetermination procedures were arbitrary and capricious and violated the formal-adjudication requirements under the Administrative Procedure Act (APA). *Id.*

at 806, 809. After *Hicks*, the district court remanded Hayden's and Hall's cases to the Commissioner.

Hayden and Hall subsequently sought attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. The district court denied their requests, concluding that the SSA's position regarding its redetermination procedures was substantially justified.[1] Hayden and Hall appealed.

## II.

This court reviews a district court's denial of attorney's fees under the EAJA for abuse of discretion. *Griffith v. Comm'r of Soc. Sec.*, 987 F.3d 556, 563 (6th Cir. 2021). "To find that the district court abused its discretion, this court must be firmly convinced that a mistake has been made." *Id.* (quoting *Damron v. Comm'r of Soc. Sec.*, 104 F.3d 853, 855 (6th Cir. 1997)).

The EAJA provides in relevant part:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, *unless the court finds that the position of the United States was substantially justified* or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (emphasis added). "[A] position is substantially justified if 'a reasonable person could think it correct' and 'it has a reasonable basis in law and fact.'" *Griffith*, 987 F.3d at 563 (quoting *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988)).

In *Griffith v. Commissioner of Social Security*, some of the *Hicks* plaintiffs and other plaintiffs whose cases had been stayed pending *Hicks* sought and were denied attorney's fees under the EAJA. *Id.* at 561. We affirmed the district courts' determinations that the government's

---

[1] The district court also concluded that Hayden's and Hall's motions for attorney's fees were untimely, but that the motions "would be denied even if they were timely filed." R. 51, PID 788–89.

position in *Hicks* was "substantially justified." *Id.* We concluded that the government's arguments that it did not violate the plaintiffs' due-process rights, that it did not violate the APA's formal-adjudication requirements, and that it did not act arbitrarily and capriciously were reasonable, *id.* at 567, 569–71, and that the government's position "as a whole" was reasonable, *id.* at 572.

*Griffith* controls most of the issues in this case. *Griffith* affirmed, among other district-court decisions, *Kidd v. Saul*, 421 F. Supp. 3d 450 (E.D. Ky. 2019). The district court in *Kidd* reached the same conclusion and provided the same reasoning as the district court in this case. *Compare id.* at 453–61, *with* R. 51, PID 789–803.[2] The "Issue Presented" in Hayden's and Hall's briefs is identical to the "Issue Presented" in the appellants' briefs in *Griffith*: "Whether the government's position (including the agency's redetermination policy and its litigation positions both in *Hicks* and afterwards) was substantially justified for EAJA purposes." *Compare* Hayden's Br. at 6, *and* Hall's Br. at 6, *with Griffith* Appellants' Br. at 3, No. 19-6395. And Hayden and Hall adopt the same arguments that the *Griffith* appellants did; in fact, they cut and paste twenty-three pages of the *Griffith* appellants' brief. *Compare* Hayden's Br. at 14–39, *and* Hall's Br. at 15–40, *with Griffith* Appellants' Br. at 10–33, No. 19-6395.

We rejected these arguments in *Griffith*. Specifically, we rejected the arguments that the government's position was not substantially justified, *Griffith*, 987 F.3d at 571; that the government unreasonably interpreted due-process and APA precedent, *id.* at 565–69; that the government's "string of losses" in *Hicks* rendered its position unreasonable, *id.* at 572; that the district courts erred by "merely tallying decisions," *id.* at 573–74; that the district courts' decisions were inconsistent with *Hicks*, *id.* at 574; that the district courts "rel[ied] on an argument that the

---

[2] Record citations refer to the record in *Hayden v. Commissioner of Social Security*, No. 19-6420.

government did not make," *id.*; and that the district courts did not properly consider the government's position "as a whole," *id.*[3]

Hayden and Hall add two arguments to those rejected in *Griffith*. First, they argue that "the SSA's reconstructed record [for redetermination of benefits] . . . was not a full and complete record of the [original] claims file," which "should have estopped the Commissioner from proceeding in any redetermination." Hayden's Br. at 2; *see also id.* at 21–22; Hall's Br. at 2, 22. Hayden and Hall fail to develop this argument. They do not identify with sufficient specificity which evidence or documents were excluded from the record for redetermination of benefits, nor do they explain how exclusion of evidence or documents rendered the government's position unreasonable. Accordingly, Hayden and Hall have waived this argument. *See Kuhn v. Washtenaw County*, 709 F.3d 612, 624 (6th Cir. 2013) (explaining that "arguments adverted to in only a perfunctory manner . . . are waived").[4]

Second, Hayden and Hall assert that the Commissioner's delay in initiating redetermination proceedings "effectively foreclosed [their] ability to either rehabilitate the disputed medical evidence or obtain substitute medical evidence." Hayden's Br. at 3; *see also* Hall's Br. at 3. The plaintiffs in *Hicks* raised the same argument, and we ruled in favor of the Commissioner on that issue. 909 F.3d 811–13. Therefore, Hayden and Hall's argument regarding the Commissioner's delay does not support their theory that the government's position was not substantially justified.

---

[3] After *Hicks*, the government argued that remand to the SSA was proper under sentence six, as opposed to sentence four, of 42 U.S.C. § 405(g). *Griffith*, 987 F.3d at 562. Sentence four applies when "the Commissioner erred in some respect in reaching the decision to deny benefits"; sentence six applies "when the court has not issued a substantive ruling on the correctness of the ALJ's decision." *Id.* The district courts remanded the cases under sentence four. *Id.* In *Griffith*, we found the government's argument regarding remand to be unreasonable, but we determined that "[l]ooking at the arguments holistically, . . . the district courts did not abuse their discretion in concluding that the government's position was substantially justified." *Id.* at 571.

[4] In her motion for a preliminary injunction, Hayden alleged that several "jurisdictional documents" were missing from the record and that the Commissioner provided a "reconstructed record." R. 32, PID 655. In its opinion denying Hayden's motion, the district court explained that Hayden failed to identify "any record of substance that is missing from [her] file" and characterized her argument as "nothing more than speculation." *Id.*

Because *Griffith* rejected most of Hayden and Hall's arguments and their other arguments are unavailing, the district court did not abuse its discretion in denying Hayden's and Hall's motions for attorney's fees under the EAJA.

**III.**

For the foregoing reasons, we affirm the district court's judgment.